UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY L. TROUPE,

        Plaintiff,

  v.

Case No. 21-cv-1176-pp

JUDGE MAUREEN MARTINEZ,
JUDGE TIMOTHY BOYLE
and COMMISSIONER ALICE A. RUDEBUSCH,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING AS MOOT PLAINTIFF'S MOTION FOR ORDER OF TRANSCRIPTS (DKT. NO. 11), DENYING AS MOOT PLAINTIFF'S MOTION FOR JOINDER (DKT. NO. 17), DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 19) AND DISMISSING CASE**

On October 12, 2021, the plaintiff, without the assistance of counsel, filed a complaint against Judges Maureen Martinez and Timothy Boyle and Commissioner Alice A. Rudebusch. Dkt. No. 1. The plaintiff also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. Since then, the plaintiff has filed thirteen documents, dkt. nos. 4-10, 12-16 and 18, a "motion order of transcripts," dkt. no. 11, a motion for joinder, dkt. no. 17, and a motion to compel, dkt. no. 19. Although the court finds that the plaintiff is unable to pay the filing fees, the court also finds that the complaint fails to state a claim and the plaintiff has sued individuals who are immune from suit. The court will dismiss the case.

1

## I. Plaintiff's Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's motion says that he is unemployed, unmarried and has no dependents. Dkt. No. 2 at 1. His only source of income is a financial aid grant in the amount of $96, with an additional $35 from a plasma donation. Id. at 2. His monthly expenses vary, but he always owes $40 for his phone. Id. at 3. He has no checking or savings accounts and currently is homeless because of legal proceedings and the death of his mother. Id. at 4. The court finds that that the plaintiff cannot pay the filing fee.

This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees."). The plaintiff—who has another case pending before this court, Case No. 19-cv-1318—should be mindful of the fact that he will continue to incur the filing fee for each case that he files.

2

**II. Screening**

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting [his] claims; [he] needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of the plaintiff's complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The complaint alleges the following:

> As noted in case 19cv1318 and affirmed by Wisconsin Judical Commission with District 2 of Wisconsin Appealate Court. The state has "lack of jurisdiction" of the conflict of interest when the judges changed my plea of not guilty in the case 19cm1221. 10 days after the dismissal for battery to a officer, I was making a complaint against a harassing officer. As I was leaving Racine I was charged without contact nor arrest with any law enforcement. At the initial appearance and against any plea deal given for 2 years, I proceeded and went to trial at the stance of not guilty.

> As Jesus Christ is my Lord & Savior, our conflicting staces [sic] of faith has driven the defendants to impeede amendments I, V, and VI in The U.S.C. acting under the color of law in Wisconsin. In addition 2 men were beaten to death during our time in isolation at Racine County Jail.

3

Dkt. No. 1 at 2-3. In his request for relief, the plaintiff asks for human rights for inmates in Racine, for the Racine County Jail to be federally investigated and for "12,000,000$". Id. at 4.

The plaintiff has sued three judicial officers in connection with Racine County Circuit Court Case No. 2019CM1221. On May 11, 2021, a jury found the defendant guilty in that case, which appears to have been joined with 19CM1877 and 21CM155. State v. Troupe, Case No. 2019CM1221 (Racine County Circuit Court) (available at https://wcca.wi.wicourts.gov). On November 2, 2021, the Wisconsin Court of Appeals dismissed the plaintiff's appeals as prematurely filed and extended the time to file a motion for postconviction relief. Id. On December 7, 2021, the court concluded that it did not have jurisdiction to address the plaintiff's filings and declined to rule on any further filings; it also extended the deadline for the plaintiff to file notices of intent to seek post-conviction relief in Case No. 19CM1877 and Case No. 21CM155. Id.

The court must dismiss this case because the plaintiff cannot pursue civil claims for damages under any theory that would imply the invalidity of his criminal conviction. Raney v. Wisconsin, No. 21-1863, 2022 WL 110276, at *2 (7th Cir. Jan. 12, 2022). The United States Supreme Court addressed this situation in Heck v. Humphrey, 512 U.S. 477, 487 (1994), where the Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been

> reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486-87 (1994) (emphasis in original). It is not clear, but the court believes that when the complaint asserts that the state claimed a lack of jurisdiction over the conflict of interest created when the judges allegedly involuntarily changed the plaintiff's plea, it is referring to the Court of Appeals' decision to dismiss the plaintiff's appeals as premature (or for lack of jurisdiction). In any event, he cannot pursue his claims for $12,000,000 in this court unless his state conviction is invalidated, because it appears that if he were to succeed on his federal claims, that conclusion would invalidate the state conviction. The plaintiff could have litigated these claims in the underlying state criminal case.

Also, the plaintiff has sued two judges and a court commissioner. His claims are barred by the doctrine of judicial immunity when, as here, the judicial officers' challenged actions are "judicial in nature." Brunson v. Murray, 843 F.3d 698, 710 (7th Cir. 2016); see Mireles v. Waco, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). The plaintiff has alleged that the judges had a conflict of interest that arose when they involuntarily changed his plea. "[A] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). "This immunity applies even when the judge's actions are in error, malicious,

5

or in excess of his or her jurisdiction." Bolin v. Story, 225 F.3d 1234, 1239 (7th Cir. 2000).

The plaintiff has filed a motion for order of transcripts in state case 19CM1221, dkt. no. 11, a motion for joinder, dkt. no. 17, and a motion to compel, dkt. no. 19. Because the court is dismissing this case, it will deny these motions as moot.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is dismissed because the plaintiff has failed to state a claim and seeks monetary relief from a defendant who is immune from suit. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** the plaintiff's motion to order transcripts. Dkt. No. 11.

The court **DENIES AS MOOT** the plaintiff's motion for joinder. Dkt. No. 17.

The court **DENIES AS MOOT** the plaintiff's motion to compel. Dkt. No., 19.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty (30) days of the entry of judgment. See Fed. R. of App P. 3, 4. This court may extend this deadline if a

6

Case 2:21-cv-01176-PP   Filed 04/25/22   Page 6 of 7   Document 20

party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within twenty-eight (28) days of the entry of judgment. The court cannon extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects the plaintiff to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 25th day of April, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**